**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RICHARD P. SCHOENWETTER,<br><br>Plaintiff,<br><br>v.<br><br>TIM MCCOY,<br><br>Defendant. | CIVIL ACTION NO.: 4:26-cv-254 |

**O R D E R**

This matter is before the Court on the parties' Consent Motion to Remand to State Court. (Doc. 13.) For the reasons outlined below, the Court **DENIES** the Motion **without prejudice**, (id.), and **DIRECTS** Erie Insurance Exchange to provide additional information to the Court, as outlined below.

In this lawsuit, Plaintiff seeks to recover damages from Defendant for injuries allegedly suffered by him during a motor vehicle collision. (Doc. 1-1.) Plaintiff initiated the action by filing a Complaint in the State Court of Chatham County on April 1, 2026. (Id.) In the Complaint, Plaintiff alleged that he was a resident of North Carolina and Defendant was a resident of Florida. (Id. at p. 2.) Plaintiff served Erie Insurance Exchange ("Erie") as his purported UM carrier, and, on September 22, 2026, Erie removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1.) In the Notice of Removal, Erie asserted that it is a "corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania," that Plaintiff is a citizen of North Carolina, that Defendant McCoy is a citizen of Florida, and that the amount in controversy in the case exceeded $75,000. (Id. at p. 2.) Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over "all civil actions where the matter in

controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states."

On October 20, 2026, the parties filed a Consent Motion to Remand to State Court. (Doc. 13.) That filing states only that the Motion is based upon the following: "Erie Insurance Exchange shows that it has a subscriber in Georgia, and thus, this impact [sic] this Court having complete diversity. Thus, the Parties move this Court to remand the case to State Court due to the Court lacking subject matter jurisdiction." (Id.)

While the parties indicate that they all consent to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018). Accordingly, in these situations, the Court cannot simply thoughtlessly rubberstamp the parties' proposed order remanding their case. Nonetheless, a "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). Accordingly, the Court will examine whether it has jurisdiction.

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, the only basis for jurisdiction in this Court would be diversity jurisdiction. It is apparently undisputed that Plaintiff is considered a citizen of North Carolina and that Defendant McCoy is considered a citizen of Florida. Confusingly, however, while Erie explicitly stated in its Notice of Removal that it is a "corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania," (doc. 1-1, p. 2), it now states—with no further explanation—that diversity of citizenship has been "impact[ed]" by

the fact that "it has a subscriber in Georgia," (doc. 13, p. 1). If Erie is, as it originally stated, a corporation, then it is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C.A. § 1332; it has not provided any additional information or context as to why or how the location of a "subscriber" is relevant or "impact[ful]" to its citizenship.

Accordingly, the Court **DENIES without prejudice** the Consent Motion to Remand to State Court, (doc. 13),[1] as the parties simply have not provided sufficient information for the Court to determine that diversity of citizenship is lacking. However, because the Court has an obligation to ensure that it has subject matter jurisdiction and because the Consent Motion has called this into question, the Court **DIRECTS** Erie Insurance Exchange to file a statement, within **TEN (10) DAYS** of the date of this Order, (1) explaining whether it is indeed a corporation (as stated in the Notice of Removal) or whether it is a different type of entity; and (2) explaining, in detail, with any available legal support, whether and how the existence of a "subscriber in Georgia . . . impact[s]" the determination of whether there is complete diversity of citizenship amongst the parties.

**SO ORDERED**, this 22nd day of October, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[1] The parties filed an initial version of their Consent Motion that failed to include the appropriate signature of counsel for Plaintiff. (Doc. 11.) Accordingly, the Clerk of Court directed them to file a version that featured the missing signature. Because the first filing was procedurally deficient and a compliant (but otherwise substantively identical) version of the motion has been filed, (see doc. 13), the Court **DIRECTS** the Clerk of Court to **TERMINATE AS MOOT** the initially filed version, (doc. 11).