**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RICHARD P. SCHOENWETTER,<br><br>Plaintiff,<br><br>v.<br><br>TIM MCCOY,<br><br>Defendant. | CIVIL ACTION NO.: 4:26-cv-254 |

**O R D E R**

Previously, the parties filed a Consent Motion to Remand to State Court, claiming that diversity of citizenship was lacking because the removing party, Erie Insurance Exchange ("Erie"), "has a subscriber in Georgia, and thus, this impact[s] this Court having complete diversity." (Doc. 13.) The Court denied the motion, however, because, in removing the case, Erie had stated that it was a "corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania," that Plaintiff was a citizen of North Carolina, and that Defendant Tim McCoy is a citizen of Florida. (See generally doc. 14.) The Court denied the motion because Erie had not clearly stated whether it was a corporation (as previously stated) or, instead, some other specific type of entity, and because it had not adequately explained, with legal citations, how its having a subscriber in Georgia would "impact" diversity of citizenship. (Id.) However, because courts have an obligation to ensure that they have subject matter jurisdiction and because the Consent Motion had called this into question, the Court directed Erie to file a statement explaining what type of entity it is and also explaining, in detail, with any available legal support, whether and how the existence of a "subscriber in Georgia . . . impact[s]"

the determination of whether there is complete diversity of citizenship amongst the parties." (Id. at p. 3.)

Erie has filed its statement. (Doc. 15.) Therein, it unequivocally states that "it is organized as a reciprocal insurance exchange organized in Pennsylvania—not a corporation." (Id. at p. 1.) It explains that, "[f]or unincorporated entities, federal courts look to the citizenship of all 'members' of the entity to determine diversity jurisdiction. The majority view among the courts is that a reciprocal insurance exchange like Erie Insurance Exchange bears the citizenship of each of its subscribers." (Id. at pp. 1–2 (citing Americold Realty Trust v. ConAgra Foods, Inc., 577 U.S. 378, 381–83 (2016) (an unincorporated business trust or association "possesses its members' citizenship" for purposes of diversity jurisdiction); Peace Church Risk Retention Grp. v. Johnson Controls Fire Protection, LP, 49 F.4th 866 (3d Cir. 2022) ("We hold here that subscribers to reciprocal insurance exchanges must be treated as members for diversity purposes"); Cahaba Valley Health Servs., Inc. v. Truck Ins. Exch., No. 7:19- CV-01839-RDP, 2020 WL 978828, at *1 (N.D. Ala. Feb. 28, 2020) ("As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court") (citing Girgis v. Fire Ins. Exch., No. CV-12-J-222-NE, 2012 WL 13019064, at *2 (N.D. Ala. Mar. 19, 2012))).)

While the Consent Motion asserted only that diversity was impacted by Erie having a subscriber in Georgia, (see doc. 13), Erie's current filing explains that it sells insurance policies to citizens of North Carolina and it has numerous subscribers in North Carolina, and it is thus considered a citizen of that state, which is the same state where Plaintiff claims to be a citizen. (Id. at p. 2.) In light of this new information, it appears that diversity of citizenship is lacking. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (requiring courts to strictly construe the requirements of removal jurisdiction) (citations omitted); Univ. of S. Alabama v. Am.

Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (all doubts about jurisdiction should be resolved in favor of remand to state court). Accordingly, pursuant to 28 U.S.C § 1447(c), the Court **REMANDS** this case to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 29th day of October, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA